IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

MICHAEL BRENNER, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff Michael Brenner ("Plaintiff"), on behalf of himself and all others similarly situated, through counsel, Lewis Kuhn Swan PC, complains as follows:

**NATURE OF THIS ACTION**

1. This action is brought on behalf of all insurance agents and like roles (collectively "insurance agents") employed by United HealthCare Services, Inc. ("United HealthCare") within the United States within the applicable statute of limitations. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA").

2. Plaintiff alleges that United HealthCare violated the FLSA by failing to pay insurance agents properly-calculated overtime compensation.

**JURISDICTION AND VENUE**

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under 29 U.S.C. § 216(b).

4. Defendant United HealthCare is subject to personal jurisdiction in Colorado because it conducts substantial business in this State and the acts and omissions alleged herein occurred in this State.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff is an individual who is domiciled in Colorado Springs, Colorado.

7. United HealthCare is a Minnesota corporation maintaining its principal place of business in Minnetonka, Minnesota. Including its parents and subsidiaries, United HealthCare employs approximately 300,000 people and has annual revenue of approximately one-quarter of a trillion dollars.[1]

8. As relevant here, United HealthCare has insurance agents in at least Arizona, Colorado, Florida, Minnesota, Missouri, Wisconsin and Virginia. Upon information and belief, United HealthCare has at least 850 insurance agents (regardless of specific title) currently employed. The number of insurance agents employed within the last three years easily exceeds 1,000.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff seeks to prosecute the FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by United HealthCare as insurance agents (regardless of specific title) in the United States at any time in the last three (3) years through entry

---

[1] *See* https://www.macrotrends.net/stocks/charts/UNH/unitedhealth-group/number-of-employees (last accessed February 16, 2020); https://www.forbes.com/sites/brucejapsen/2019/12/02/unitedhealth-group-2020-revenues-to-eclipse-260b/#3ddf44937ee5 (last accessed February 16, 2020).

of judgment in this case and who were not paid properly-calculated overtime for all hours worked, or at an appropriate rate of pay for hours worked, in excess of forty (40) in a workweek ("Collective").

10. Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

11. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## STATEMENT OF FACTS

12. Plaintiff was hired by United HealthCare as an insurance agent in or around June 2019. Plaintiff remains employed as a United HealthCare insurance agent.

13. The job responsibilities of insurance agents include, among other things, speaking with potential customers about their insurance needs, speaking with current customers about their coverage, and speaking with current customers who seek to change or cancel their coverage through United HealthCare.

14. United HealthCare properly classifies insurance agents as non-exempt employees under the FLSA. As such, they are entitled to overtime for all hours worked in excess of forty (40) per workweek at one and one-half times their regular rate of pay, including non-discretionary bonuses and commissions.

15. Insurance agents are compensated on a base plus commission structure. By way of particular example, Plaintiff is paid $15/hour plus bonuses and commissions based on his productivity. These bonuses and commissions are readily quantifiable based on established, published metrics.

16. While United HealthCare pays insurance agents at one and one-half their regular *base* hourly rate for hours over forty (40) in a workweek, United HealthCare fails to pay insurance agents at one and one-half their regular rates of pay *including bonuses and commissions*.

17. For purposes of overtime compensation, non-exempt employees' regular rate of pay must include their non-discretionary bonuses and commissions. *See* section 7(e) of the FLSA; *see also* 29 CFR §§ 778.200, 778.208.

18. Especially during the annual enrollment period ("AEP") in October, November, and December of each year, insurance agents routinely work six (6) days per week, frequently exceeding ten (10) or even twelve (12) hours per workday. In a typical workweek during AEP, Plaintiff worked at least sixty (60), and sometimes nearly eighty (80), hours.

19. United HealthCare does not pay insurance agents properly-calculated overtime compensation for all hours worked over forty (40) in any workweek. For example, Plaintiff worked over one hundred (100) hours during the pay period from November 24, 2019 through December 7, 2019, and over forty (40) hours during each of the two workweeks within that pay period, but he was only paid at one and one-half his *base* rate of pay.

20. United HealthCare has in place inadequate timekeeping method for tracking and recording the time its insurance agents spend working.

21. Throughout all relevant time periods, United HealthCare failed to maintain accurate and sufficient time records and endeavored to maintain opacity in its pay practices.

22. Plaintiff complained about his pay to United HealthCare's supervisors.

23. United HealthCare's violations of the FLSA are willful. United HealthCare is aware of its legal obligation to pay properly-calculated overtime compensation because these issues were repeatedly brought to their attention and because United HealthCare has previously paid large settlements for its overtime violations.

## CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT
*Collective Action against United HealthCare*

24. All preceding paragraphs are incorporated.

25. At all relevant times, United HealthCare has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

26. At all relevant times, United HealthCare employed and/or continues to employ each of the members of the Collective within the meaning of the FLSA.

27. At all relevant times, United HealthCare has had gross annual revenues vastly exceeding $500,000.

28. At all relevant times, United HealthCare has had a uniform policy and practice of failing to pay properly-calculated overtime compensation to insurance agents for all overtime hours at one and one-half their respective regular rates of pay including non-discretionary bonuses and commissions.

29. As a result of United HealthCare's willful failure to properly compensate its insurance agents, United HealthCare has violated and, continues to violate, the FLSA.

30. United HealthCare has failed to make, keep, and preserve records with respect to each of its insurance agents sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

32. Due to United HealthCare's FLSA violations, Plaintiff and the Collective members are entitled to recover from United HealthCare unpaid overtime compensation, actual and liquidated damages, including United HealthCare's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

33. The opt-in form of Plaintiff is attached as Exhibit 1.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective, respectfully requests that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c) An award of properly-calculated overtime compensation due under the FLSA;

d) An award of liquidated damages for United HealthCare's failure to pay properly-calculated overtime compensation pursuant to 29 U.S.C. § 216;

e) An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f) An award of pre-judgment and post-judgment interest;

g) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

h) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed Collective have a right to jury trial.

Respectfully submitted this 18th day of February, 2020.

/s/ Andrew E. Swan
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone: (719) 694-3000
Facsimile: (866) 515-8628
plewis@lks.law
mkuhn@lks.law
aswan@lks.law

*Attorneys for Plaintiff*