IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–00414–KMT

MICHAEL BRENNER, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.

---

# ORDER

---

Before the court is the parties' "Stipulation to Arbitrate and Joint Motion to Stay Action Pending Conclusion of Arbitration." (["Motion"], Doc. No. 6.) For the following reasons, the motion to stay is GRANTED.

In this case, Plaintiff Michael Brenner asserts claims against his employer, Defendant United Healthcare Services, Inc., for violations of the Fair Labor Standards Act ["FLSA"], 29 U.S.C. § 201 *et seq.*. (["Complaint"], Doc. No. 1 at 1, 5-6.) In the present Motion, the parties assert that a UnitedHealth Group Employment Arbitration Policy ["Arbitration Policy"], which was signed by Plaintiff, requires that Plaintiff's claims be submitted to binding arbitration. (Mot. 1-2; *see* Mot. Ex. A.) The parties contend that, pursuant to the terms of the Arbitration Policy, as well as the Federal Arbitration Act ["FAA"], 9 U.S.C. § 1 *et seq.*, this case must be stayed, "pending an arbitrable resolution" of the dispute. (Mot. 2.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff does not oppose the motion to stay. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (stating that the FAA represents a "liberal policy favoring arbitration").

As to the second factor, Defendant has set forth a well-supported argument that arbitration must be compelled in this action, given that Plaintiff voluntarily entered into an agreement to arbitrate all employment-related disputes arising out of the Arbitration Policy. (Mot. 1-2; *see* Mot. Ex. A.) Thus, requiring the parties to submit to full discovery at this time would subject them to "the very complexities, inconveniences and expenses of litigation that they determined to avoid." *See Khoja v. DPD Sub, Inc.*, No. 15-cv-00258-WYD-KMT, 2015 WL 3862536, at *2 (D. Colo. June 22, 2015) (finding the second factor to weigh in favor of stay pending arbitration, because the defendant presented a "facially compelling" argument that the plaintiff's claims were subject to an enforceable arbitration agreement).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor weighs in favor of stay. Indeed, judicial economy and resources would plainly be wasted if the court allowed discovery to proceed, only to later determine that Plaintiff's claims must be submitted to arbitration. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the

3

court and the litigants serves that purpose.

Therefore, having weighed the appropriate factors, the court finds that a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Stipulation to Arbitrate and Joint Motion to Stay Action Pending Conclusion of Arbitration" (Doc. No. 6) is **GRANTED**. Discovery in this matter is **STAYED**. Upon completion of arbitration, the parties shall file a joint status report, to advise how, and if, they wish to proceed in this Court.

This 30th day of March, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge